IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWAYNE WILSON,<br><br>    Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, *et al.*,<br><br>    Respondents. | HON. JOHN MICHAEL VAZQUEZ<br><br>Civil Action<br>No. 18-7933 (JMV)<br><br>**OPINION** |

**VAZQUEZ, District Judge:**

## I.    INTRODUCTION

Presently before the Court is Respondents' motion to dismiss *pro se* Petitioner Dwayne Wilson's § 2254 habeas petition as untimely-filed. (ECF No. 8.) For the reasons stated herein, Respondents' motion will be granted, Petitioner's § 2254 petition will be dismissed with prejudice, and no certificate of appealability shall issue.

## II.    BACKGROUND

Petitioner is currently incarcerated at New Jersey State Prison in Trenton, New Jersey, where he is serving a 40-year sentence after pleading guilty in New Jersey Superior Court to three separate counts of first-degree aggravated manslaughter and one count of second-degree aggravated assault. *See State v. Wilson*, No. A-0475-15T2, 2017 WL 3317919, at *1 (N.J. Super. Ct. App. Div. Aug. 4, 2017). Petitioner entered his plea on September 26, 2010. (*See* Pet'r's Am. J. of Conviction, ECF No. 8-5 at PageID: 70.) Petitioner's relevant judgment of conviction was entered on December 21, 2010. (*Id.* at PageID: 72.)

The Appellate Division of the New Jersey Superior Court (the "Appellate Division") affirmed Petitioner's sentence on via a one-page order filed on November 21, 2011. (ECF No. 8-7.) That order makes clear that "the issues [raised by Petitioner on direct appeal] relate[d] solely to the sentence imposed[.]" (*Id.*) By letter dated December 7, 2011, the Office of the Public Defender ("OPD") informed Petitioner that OPD would not be filing a petition for certification in the New Jersey Supreme Court on Petitioner's behalf. (ECF No. 8-8.) OPD advised Petitioner that he could nonetheless petition the New Jersey Supreme Court for certification, *pro se*, and provided him with sample forms to do so. (*Id.*) Petitioner never petitioned the New Jersey Supreme Court and did not otherwise pursue his direct appeal further. *See Wilson*, 2017 WL 33179719, at *1 (making no reference to further direct appeal proceedings beyond the Appellate Division's November 21, 2011 affirmance when summarizing the procedural history of Petitioner's state court proceedings).

On or about September 2, 2014, Petitioner filed an application for post-conviction relief ("PCR") in the New Jersey Superior Court's Law Division (hereinafter, the "PCR court"). (*See* ECF No. 8-9 at PageID: 78.) On July 23, 2015, the PCR court denied Petitioner's PCR application. (ECF No. 8-10.) On August 4, 2017, the Appellate Division affirmed the PCR court's denial of post-conviction relief to Petitioner. *Wilson*, 2017 WL 3317919, at *4. On February 28, 2018, the New Jersey Supreme Court denied Petitioner's petition for certification of his PCR appeal. *State v. Wilson*, 179 A.3d 1055 (N.J. 2018).

Petitioner initiated this § 2254 habeas action on April 11, 2018.[1] (*See* ECF No. 1 at PageID: 11.) Petitioner's relevant habeas pleading was filed on or about July 13, 2018 (the "§

---

[1] April 11, 2018 is the date on which Petitioner executed his original habeas pleading. (*See* ECF No. 1 at PageID: 11.) Under the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d

2254 Petition"). (ECF No. 5.) On August 30, 2018, Respondents filed the present motion to dismiss the § 2254 Petition on timeliness grounds. (ECF No. 8.) Petitioner filed opposition to Respondents' motion on or about September 26, 2018. (ECF No. 9.)

## III. LEGAL STANDARD AND ANALYSIS

### A. AEDPA's One-Year Filing Deadline

"The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), Pub. L. No. 104-132, 110 Stat. 1218, generally mandates that petitions for writ of habeas corpus be filed within one year after the conclusion of direct appellate review[.]" *Engel v. Hendricks*, 153 F. App'x 111, 112 (3d Cir. 2005); *accord Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A) ("A [one-year] period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a [State court]. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Importantly, "if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run [under 28 U.S.C. § 2244(d)(1)(A)], upon expiration of the time period allowed for pursuing an appeal." *Oduche v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 676, 680 (D. Del. 2009) (citing *Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)).

The record in this matter conclusively demonstrates (1) that the Appellate Division affirmed Petitioner's sentence on direct appeal on November 21, 2011 (*see* ECF No. 8-7); and (2) that Petitioner did not thereafter further pursue his direct appeal, *e.g.*, Petitioner did not file a

---

Cir. 2011). The Court, affording Petitioner all favorable inferences, finds that April 11, 2018 represents the date on which he initiated this action.

petition for certification in the New Jersey Supreme Court nor did he file a certiorari petition in the United States Supreme Court. Under the New Jersey Rules of Court, Petitioner was required to file his petition for certification on or before December 12, 2012, *i.e.*, within twenty days of the Appellate Division's November 21st order[2] affirming Petitioner's sentence on direct appeal. *See* N.J. Ct. R. 2:13-2(a) ("If certification is sought to review a final judgment of the Appellate Division, the petitioner shall, within 20 days after its entry, serve a copy of a notice of petition for certification upon all parties who may be affected by the proceeding and shall file the original notice with the clerk of the Supreme Court."). Petitioner's conviction therefore became final on December 12, 2012, when Petitioner's time to petition the New Jersey Supreme Court for certification on direct appeal expired. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("because Gonzalez did not appeal to the State's highest court, his judgment became final [under § 2244(d)(1)(A)] when his time for seeking review with the State's highest court expired."); *accord Oduche*, 607 F. Supp. 2d at 680; *Johnson v. Hobbs*, 678 F.3d 607, 610 (8th Cir. 2012).

In the absence of equitable or statutory tolling, Petitioner was required to file his § 2254 Petition by December 12, 2013. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner, however, filed his original habeas petition on April 11, 2018, more than four years "after the conclusion of direct appellate review[.]" *Engel*, 153 F. App'x at 112. Petitioner's § 2254 Petition is therefore *per se* untimely under AEDPA.

---

[2] This twenty-day period actually expired on December 11, 2011, which was a Sunday. *See* N.J. Ct. R. 1:3 (if the filing deadline falls on a Sunday, "the period runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday.").

### B. Statutory Tolling Under AEDPA

"Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period." *Morris v. Phelps*, 804 F. Supp. 2d 169, 172 (D. Del. 2011) (citing *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000)).

Here, the record demonstrates – and Petitioner does not dispute – that Petitioner filed his PCR application in New Jersey Superior Court in September 2014. (*See* ECF No. 8-9 at PageID: 78; *see also* Pet'r's Opp. Br., ECF No. 9.) As such, Petitioner initiated state court PCR proceedings nearly nine months *after* his one-year deadline to file his federal habeas petition under AEDPA expired on December 12, 2013. Petitioner is therefore not entitled to statutory tolling under AEDPA because he filed his PCR petition after expiration of AEDPA's filing period. *Johnson v. Hastings*, No. 13-305, 2014 WL 5159969, at *2 (D.N.J. Oct. 10, 2014) ("Mr. Johnson's state conviction became final on February 19, 2007. He filed his first PCR petition over eighteen months later, on October 6, 2008. If the AEDPA limitations period had still been running, that PCR filing would have suspended it. As of October 6, 2008, however, the one year AEDPA limitations period had *already* run. . . . The federal habeas petition had to be filed within 12 months, not 18 months. Statutory tolling cannot save this habeas petition because it was already six months late when the PCR petition was filed.") (emphasis in original); *Price v. Taylor*, No. CIV.A.02-70-GMS, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002) ("Price filed his [state court] application for postconviction relief after the one-year period of limitation [to file his federal habeas petition under § 2244(d)(1)] had expired. Accordingly, [AEDPA's] statutory tolling provision does not apply.").

### C. There Is No Basis for Equitable Tolling of the § 2254 Petition

In "exceptional circumstances," principles of equitable tolling may warrant consideration of an otherwise untimely petition. *Engle*, 153 F. App'x at 113. "These situations arise when the petitioner has 'in some extraordinary way' been prevented from asserting his rights despite the exercise of reasonable diligence." *Id.* (quoting *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013) (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

The diligence required under the first equitable tolling prong is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted); *see also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004).

Circumstances that are sufficiently extraordinary under the second equitable tolling prong have been found only where (1) the respondent has actively misled the petitioner; (2) the petitioner

has in some extraordinary way been prevented from asserting his rights; (3) the petitioner has timely asserted his rights mistakenly in the wrong forum; or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Petitioner first asserts that equitable tolling is appropriate in this case because he "has serious mental health issues and has been under a doctor['s] care during his entire period of incarceration." (ECF No. 9 at PageID: 109.) In that regard, Petitioner further notes that he has been "in and out of treatment facilities [on a regular basis] and housed on isolation status." (*Id.*) Initially, the Court notes that Petitioner has not presented any evidence or documentation which substantiates these claims. Furthermore, "mental incompetence is not a *per se* reason to toll a statute of limitations." *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002); *see also Champney v. Sec. Pa. Dep't of Corr.*, 469 F. App'x 113, 117 (3d Cir. 2013) ("Mental incompetence is not a *per se* cause for equitable tolling."). Instead, "'the alleged mental incompetence must somehow have affected the petitioner's ability to file' a timely action." *Id.* (citing *Nara*, 264 F.3d at 320; *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010)). A petitioner making such a claim must provide a particularized description of his mental condition's adverse effect upon his capacity to function generally or to pursue his rights specifically. *See Bolarinwa*, 593 F.2d at 232 (cited with approval in *Champney*, 469 F. App'x at 117).

Here, Petitioner does not state what his mental condition is, nor describe how it adversely affected his capacity to function or pursue his rights. What is clear is that Petitioner's purported mental health issues "during his entire period of incarceration" have not precluded him from capably proceeding in this matter, *pro se*, as demonstrated by, *inter alia*, his filing of an application

to *proceed in forma pauperis* (ECF No. 3) and an amended § 2254 petition (ECF No. 5) in response to the directives set forth in this Court's April 23, 2018 and June 25, 2018 Orders (ECF Nos. 2 and 4), and his timely filing of opposition to the current motion to dismiss. (ECF No. 9.) In light of these considerations, Petitioner's generic and unsubstantiated assertion that he has "serious mental health issues" fails to support equitable tolling. *Johnson*, 2014 WL 5159969, at *8.

Petitioner also baldly claims that he "exercised reasonable diligence in attempting to file and pursue [challenges to his] conviction[.]" (*Id.* at PageID: 111.) Petitioner, however, fails to detail any facts which suggest that he diligently pursued his state court remedies and federal habeas claims in a manner which would entitle him to the benefit of equitable tolling. Indeed, Petitioner provides no explanation for why he declined to further pursue his direct appeal after the Appellate Division affirmed his conviction on November 21, 2011. Petitioner likewise fails to explain why he waited almost three years to file his PCR petition in New Jersey Superior Court on September 2, 2014. Petitioner has therefore not presented any reason – nor has the Court independently found any basis in the record – to invoke equitable tolling in this case.

In sum, the record clearly shows that Petitioner's § 2254 Petition was not timely-filed under AEDPA. Petitioner has not presented any basis which suggests otherwise, nor has he provided any reason upon which the Court could find that equitable tolling is applicable to his otherwise untimely-filed § 2254 Petition. Respondents' motion to dismiss on timeliness grounds is therefore granted and the § 2254 Petition is dismissed with prejudice.

**D. Certificate of Appealability**

A petitioner may not appeal from a final order in a habeas proceeding unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Petitioner has failed to satisfy this standard, the Court will deny him a certificate of appealability.

**IV.    CONCLUSION**

For the reasons stated above, Respondents' motion to dismiss is granted, and Petitioner's § 2254 Petition is dismissed with prejudice. A certificate of appealability shall not issue. An appropriate Order accompanies this Opinion.


11/19/18                                                    s/ John Michael Vazquez
Date                                                          JOHN MICHAEL VAZQUEZ
                                                              United States District Judge